## LEWIS *against* FEW.

In an action on the case for a libel, for publishing an address, adopted, &c., at a political meeting, a person present, and acting at such meeting, cannot be sworn as a juror.

If an address to the people, published by order of a meeting of citizens, and signed by the chairman, contain false and slanderous charges against a candidate at an election, an action on the case will lie against such chairman.

In an action for a libel, if the defendant demurs to evidence, and contingent damages are assessed, the truth of the charges contained in the libel, cannot be given in evidence, on such assessment, in mitigation of damages.

ACTION on the case for a libel.

The libel complained of was a certain address to the people, adopted and published by order of a political meeting of which the defendant was the chairman.

The plaintiff challenged a juror as incompetent, on the ground of his having been present, and acting at the meeting at which the libelous address was published. These facts having been fully proved.

THOMPSON, J., in charging the triors, said he was of opinion that the challenge was, in point of law, well taken ; that the juror could not be considered indifferent between the parties.

He was rejected by the triors.(1)

(1) The relaxation of the rule, as to questions of interest, has never been extended to jurors. They must be *omni exceptione majores*, free from every objection, and wholly disinterested. *Wood* v. *Stoddard*, 2 Johns. 194. It

On the merits, it appeared in evidence, on the part of the plaintiff, that at the time of the publication of the libel complained of, he was governor of the state of New York, and a candidate for the same office, at the then ensuing election; that a political meeting was then held by his opponents, to nominate a fit candidate in opposition to him.

At that meeting, consisting of about 800 citizens, a certain address to the people was adopted, signed by the defendant as chairman, and published by order of the meeting, in which address the plaintiff was falsely charged with certain crimes and misdemeanors. This was the libel charged in the declaration.

The defendant's counsel moved for a non-suit. They contended that an action, under these circumstances, could not lie; that whenever a petition, memorial, or address is pre-

may not be improper to note briefly here, for the use of the student, the manner of disposing of a challenge at *Nisi Prius*.

Challenges are of two kinds, to the array and to the polls; and whether to the array or to the polls, may be either principal challenges or challenges to the favor. 1 Trial, *per pais*, 166. A principal challenge, either to the array or to the polls, is decided by the court, without the intervention of triors, upon the examination of witnesses. 1 Trial, *per pais*, 178. A principal challenge being nothing else but such matter as proves evident favor or enmity in the juror, and, therefore, it belongeth to the justices to draw the juror, and not to leave the decision to triors. Ib. When there is a challenge to the favor, there may be either an issue in fact, or an issue in law. If there is a demurrer, the facts being thereby admitted, the judge at *Nisi Prius* must decide as to the legal validity of the challenge. Ib. 206. If there is an issue in fact, that issue must be tried by triors; who these triors are to be, depends upon the state of the jury at the time of the challenge.

If any of the panel, after some of the jury are sworn, be challenged, (if the challenge is gainsaid,) then those of the jury, who are sworn, are to say whether he, that is challenged, is indifferent or not. 1 Trial, *per pais*, 199. But if the first or second man is challenged, then the court must appoint two triors, either from the panel or the byestanders, to try the issue. *Gardner* v. *Turner*, 9 Johns. 260. And if they try one, and find him indifferent, and he

sented to the competent authority, for the removal of an abnoxious officer, such petition, memorial, or address, can never be considered libelous, however false or groundless the charge contained therein may be. Esp. Dig. 506; 1 Saund. 120; 5 Esp. Rep. 149. They contended, that the people constituted the competent authority for the removal of a governor from office; that this address, therefore, being made to the competent authority, this case was within the principle supported by the authorities cited; that, therefore, whatever falsehoods might be contained in that address, the defendant could not be accountable for them; and that any other principle would seriously invade the rights of the people.

be sworn, then he and the two triors shall try the next; and if another be tried and found indifferent, and he be sworn, then the two triors shall cease, and the two that are sworn on the jury shall try the rest. Co. Litt. 158, a.; Trial, *per pais*, 199. No challenge is allowed to the triors appointed by the court. 1 Trial, *per pais*, 200.

If a challenge to a juror is found against the challenger, he cannot challenge the juror for a second cause; for he that hath divers challenges, must take them all at once, and the law so requireth in different trials, that divers challenges are not accounted double. 1 Trials, *per pais*, 197; Co. Litt. 158. At the trial of the issue, witnesses are produced and examined as on common issues. The juror, also, who is challenged, may be examined before the triors on his *voir dire*, as to the cause of challenge to him, provided the challenge is not to his dishonor; but if the cause of challenge touch the dishonor or discredit of the juror, he shall not be examined on his oath. Co. Litt. 158, a. After a juror has been thus sworn, other witnesses may still be examined; his oath not being conclusive. 1 Trials, *per pais*, 192, 205. For instances of examining jurors on a *voir dire*, see Francia's Case, 1 State Trials, 59, (4th ed.,) and Mr. Townley's case in Foster, 7. See also on the subject of challenges, to jurors, a very ample treatise, (in 1 Trials, *per pais*, 165,) to which are annexed various precedents of challenges, with the proceedings on them. *Vide etiam*, Co. Litt. 155, b., and *Pringle* v. *Huss*, 1 Cow. 432, n. 1, 436. In addition to the challenges above mentioned, it is now provided by stat. (Laws, 187,) c. 134,) that on the trial of an issue in fact, in a civil action, each party may peremptorily challenge two of the jurors drawn.

Lewis v. Few.

THOMPSON, J.    The principle, as applied by the defend-
ant to the present case, cannot be supported in its applica-
tion.    If correct, it would equally authorize an individual
to libel the character of a candidate under the cloak of an
address to the people, as the competent jurisdiction.    The
people have an undoubetd right to discuss freely the mer-
its and demerits of candidates, and this right is not to be
circumscribed within narrow bounds.    But, surely, this
right can never justify any individual, or any collective
body of individuals, in publishing falsehoods, slandering
the reputation of a candidate.    Under such circumstances
the law will protect him.(2)

Non-suit denied.

The defendant then demurred to the evidence, and the

(2) This case came before the supreme court, and was decided in Novem-
ber term, 1809, 5 Johns. 1.    The material points, argued at bar, were, first,
an alleged variance between the libelous publication and the declaration.
Second, that there was no sufficient proof of publication; and third, the
question raised at *Nisi Prius*, that the publication was justified by the occa-
sion, and, therefore, not libelous.    On all these points the supreme court de-
cided in favor of the plaintiff.    Thompson, justice, in delivering the opinion
of the court, observed: "That the doctrine contended for, by the defendant's
counsel, resulted in the untenable position, that every publication ush-
ered forth, under the sanction of a public political meeting, against a candi-
date for an elective office, is beyond the reach of legal inquiry.    That elec-
tors should have a right to assemble, and freely and openly to examine the
fitness and qualifications of candidates for public offices, and communicate
their opinions to others, was a doctrine to which he most cordially acceded.
But, he observed, there is a wide difference between this privilege, and a
right irresponsibly to charge a candidate with direct, specific and unfounded
crimes.    It would be a monstrous doctrine to establish, that when a man
becomes a candidate for an elective office, he thereby gives to others a right
to accuse him of any imaginable crime with impunity.    Vide *Thorn* v. *Blan-
chard*, 5 John. 508, in error.

plaintiff joined in demurrer; the defendant then moved the court to discharge the jury. This motion was opposed by the plaintiff, who contended that the jury could only be discharged by consent; that he had a right to call upon them to assess contingent damages; that it was usual to discharge the jury only where the affirmative of the issue was with the defendant, and where no damages conse· quently could be had. The following authorities were cited by the plaintiff: Plow. Com. 408, a.; Rast. Entr. 148, a. pl. 13, 358, b. pl. 11; Tidd's Pr. Forms, 160; 2 H. Bl. 200; Cro. Car. 143; 1 Ld. Raym. 60; 1 Doug. 218, n. The defendant waived his motion, and contingent damages were assessed by the jury. On the assessment, THOMPSON, J., ruled, that the truth of the charges could not be given in evidence in mitigation of damages,(3) because the defendant, by his demurrer, had already confessed the falsity of the charges set forth in the libel, and had waived his justification.(4)

*Colden, Griffin* and *Slosson,* for the plaintiff.

*Emmet, Riker, Sampson* and *Van Wyck,* for the defendant.

(3) Vide 2 Stra. 1200.

(4) The course taken with this demurrer, in assessing damages by the same jury, was correct and consistent with precedents. Vide Trials, *per pais,* 221; 2 H. Bl. 198; Plow. Com. 408. The damages, however, may be as well inquired of, by a writ of inquiry of damages, when the demurrer is determined; and the most usual course, when there is a demurrer to evidence, is to discharge the jury, without further inquiry. Trials, *per pais,* 562. If a party wishes to withdraw, from the jury, the application of the law to the fact, and all consideration of what the law is upon the fact, he then demurs in law upon the evidence, and the precise operation of that demurrer, is to

take from the jury, and to refer to the judge the application of the law to the fact. 2 H. Bl. 206. A demurrer to evidence is sometimes, with great inaccuracy, confounded with a bill of exceptions. A bill of exceptions, when it will bear contrasting with a demurrer to evidence, is founded on an objection to the admission of improper testimony, and the judgment of the court is, that the evidence is, or is not, proper; and if it be improper, a new trial is awarded. A demurrer to evidence, however, admits the competency of the testimony, as well as the verity of it, but objects, that it is insufficient to maintain the issue, and in this case the judgment is final, and the verdict, which is conditional, stands or falls with that judgment. 1 Washington's Rep. 360. A demurrer to evidence, is entirely under the control of the court at *Nisi Prius*. The court may refuse to compel the other party to join in demurrer, if it seems to them to be clear in law, and may direct the jury on the sufficiency of the evidence. 2 Roll. Rep. 117; 1 Wash. 362; *Young* v. *Black*, 7 Cr. 565. If a demurrer to evidence, however, is overruled improperly, it may be the subject of a bill of exceptions. 2 H. Bl. 208. As the court has the power to overrule the demurrer, it may also regulate the entering of the proceedings on the record, and the admissions which are to be made previous to the allowance of the demurrer. When, therefore, the matter of fact is uncertainly alleged, or if it be doubtful whether it be true or not, because it was offered to be proved, only by presumptions or probabilities, and the other party demurs; he that alleges this matter, cannot join in demurrer with him, but ought to pray the judgment of the court, that he may not be admitted to his demurrer, unless he will admit on the record, and confess the matter of fact to be true. Alleyn, 18. And in such case, the opposite party may refuse to join in demurrer, if the party demurring refuses to admit the facts on the record: for if the party will not confess the truth of the matter given in evidence, he ought so to say, and put it to the jury to be tried. Trials, *per pais*, 566.

The subject of demurrer to evidence, is frequently placed in a very erroneous point of view, by which it would seem that the testimony, with all its uncertainty, must be set forth, and that the judges must then be called upon at the argument to make the inferences and conclusions, which the jury might reasonably have done. From the decision of the House of Lords in the case of *Gibson* and *Johnson* v. *Hunter*, it appears, that if a demurrer is made up in this form, no judgment can be rendered, and a *venire de novo* must be awarded. 2 H. Bl. 209; *vide etiam*, Style 22. And that before the party demurring upon verbal testimony, can insist upon the other parties joining in demurrer, he must distinctly admit, on the record, every fact and every conclusion which the evidence given might conduce to prove. 2 H. Bl. 209. The matter of fact being thus confessed, the case is ripe for judgment on matters of law, upon the evidence, and may then be properly with-

drawn from the jury, and, being entered on record, will remain for the decision of the judges. 2 H. Bl. 208. It is in this sense, that a demurrer is an admission of the truth of the testimony, and of the conclusions a jury might draw from it. The reason, too, why there must be an express admission on the record, arises out of the distinct functions of judges and jurors. The judges manifestly assuming the functions of jurors, if, upon the argument of the demurrer, it is to be left to their decision, what inferences are to be drawn from the facts testified to. And the party, offering the testimony, would thus be deprived of his right to the verdict of the jury, on facts and circumstances which may be urged to them with more or less effect. It is the province of the jury alone, to judge of the truth of facts and the credibility of witnesses, and the party cannot, by a demurrer to evidence or any other means, take that province from them, and draw such questions *ad aliud examen.* 1 Doug. 133. If matter of record, or other matter in writing, is offered, the adverse party may demur; and the party offering the evidence must join in demurrer, or waive the evidence : because there cannot be any variance of matter in writing. The demurrer, however, in this case, may also be overruled by the court, if there is no doubt in law, arising on the evidence thus produced. Trials, *per pais,* 561. So, that the several sorts of evidence make no difference as to the joining in demurrer. Trials, *per pais,* 562. The written evidence contains, on the face of it, precise facts, and the parol evidence is made precise by the distinct admissions on the record.

It may, however, happen that even upon written evidence, subjected to such demurrer, there may be uncertainty to an extent to justify the court in awarding a *venire de novo* instead of rendering judgment for defendant. This is a matter resting in the sound discretion of the court, which will only be exercised in cases where it appears manifest to the court that plaintiff's case is not fully disclosed.

Thus, in the case of *Wheelwright* v. *Moore,* which was decided many years after the writing of the preceding note, the plaintiff having brought his action against the defendant, on a written instrument of guaranty of the note of a third person, averred, in his declaration, the consideration of such guaranty to have been the sale and delivery of certain goods, by plaintiff, to such third person at defendant's instance. At the trial of the cause, he produced a written instrument of guaranty in support of the declaration, in which the consideration of the undertaking was expressed to be "for value received." Upon a demurrer to this evidence, the court held that there was no proof of any such consideration, as plaintiff had set forth in his declaration, and that the consideration, so expressed in the declaration, could not be inferred from the words "value received." The court, however, also held, that it was competent for the plaintiff to sustain the declaration by parol proof; and that, in their sound discretion, the case, notwithstanding the demurrer, might be

sent back by a *venire de novo* to enable the plaintiff to supply such defect. That the purposes of justice would not be subserved by giving a peremptory judgment on the record as it stood. That it was true, when the demurrer is on documentary evidence, the practice is for the court to give judgment final, as on a special verdict; but where there is no certainty in the statement of facts found, the court may award a *venire de novo*, and that this case was of that character. *Wheelwright* v. *Moore*, 1 Hall, 200. Vide, also, on this subject of demurrer to evidence, *The People* v. *Roe*, 1 Hill, 470, and a learned note to the same case, 471.